A. E. HOLLY & CO. ET AL. V. J. E. G. SIMMONS.

Decided January 28, 1905.

**1.—Liquor Dealer—Giving Liquor to Minor.**

In an action on a liquor dealer's bond for giving, and permitting to be given, intoxicating liquor to a minor, which action was tried on special issues, and judgment rendered thereon for plaintiff, it was immaterial that there was no finding, and no testimony warranting such a finding, that defendants, or any agent, servant or employe of theirs, knew or consented to the giving of the liquor to the minor.

**2.—Same—Permitting a Giving of Liquor.**

Proof showing that minors entered a saloon, along with others, and that one of such others bought liquor at the bar and there treated the minors, who there drank the liquor, will sustain a finding that the liquor dealer permitted liquor to be given to the minors, and this whether or not he or his employes knew the boys were minors.

**3.—Same—Good Faith—Belief.**

A bona-fide belief on the part of the liquor dealer or his employe that the minor was a person of age would not serve to exempt the dealer and the sureties on his bond from the penalty prescribed for permitting liquor to be given to the minor, although, under the terms of the statute, it would have that effect in the case of a sale of liquor to the minor.

**4.—Same—Sale—Treating to Liquor.**

Where a third party bought the liquor at the bar, and "treated" the minors, it can not be held that this was a sale to the minors, or that such purchaser was acting in the purchase as their agent.

Appeal from the District Court of Wichita. Tried below before Hon. A. H. Carrigan.

*J. H. Barwise, Jr.,* and *L. H. Mathis,* for appellant.—There is no finding that appellants, or any servant, agent or employe of theirs, permitted any intoxicating liquor to be given to either of the Simmons minors. No witness testified that appellants' bartender had any knowledge of, or consented to the giving of any intoxicating liquor to either of said minors, not even the minors themselves, Earl and Irvin Simmons,

testified that the bartender knew of or consented to their receiving liquor from anyone, while the other witnesses do not pretend to know whether the Simmons minors bought or were given the liquor which some of witnesses saw them drinking. Yet the appellee contends that the trial court will be presumed to have found, and that the testimony would support the finding that appellants' bartender permitted the giving of the liquor to the minors. Definition of "permit," in Century Dictionary; Rev. Stats., art. 5060g, Acts Leg., 1901; Scott v. State, 25 Texas Supp., 169; Cochran v. State, 26 Texas, 679; Whitcomb v. State, 17 S. W. Rep., 258.

*A. H. Britain, E. Scurry,* and *Montgomery & Hughes,* for appellee.— 1. When a case is tried upon special issues, it will be presumed on appeal that the court found every fact, not submitted, essential to the judgment, which the evidence authorized him to find. Rev. Stats., art. 1331; Southern Cotton Oil Co. v. Wallace, 54 S. W. Rep., 638; Railway Co. v. Botts, 55 S. W. Rep., 514; Matulla v. Lane, 55 S. W. Rep., 504; Read v. Henderson, 57 S. W. Rep., 80, also 57 S. W. Rep., 311.

2. That the seller of intoxicating liquors believed and had good grounds to believe a minor 21 years old is no defense to a suit on his bond to recover for a gift, to a minor. McGuire v. Glass, 4 Texas Civ. App. 79, 15 S. W. Rep., 127; Cox v. Thomson, 73 S. W. Rep., 950; Peacock v. Limburger, 66 S. W. Rep., 764; Tinkle v. Sweeney, 77 S. W. Rep., 609. The word sale does not include gift; Keller v. State, 23 Texas Cr. App., 259; Bottoms v. State, 73 S. W. Rep., 16; Holley v. State, 14 Texas Cr. App., 505.

3. The fact, if it be true that a dealer in intoxicating liquors did not know that a minor was given intoxicating liquor in his place of business is no defense, as he is bound to know and prevent, or at least use a high degree of care to do so. Maier v. State, 21 S. W. Rep., 974; Red River Ry. Co. v. Dooley, 80 S. W. Rep., 566; Commonwealth v. Curtis, 9 Allen, 266; Wharf Co. v. Windsor, 146 Mass., 539.

SPEER, ASSOCIATE JUSTICE.—This is an appeal by A. E. Holly, as principal, and his bondsmen as sureties, in a liquor dealer's bond, from a judgment upon such bond in favor of J. E. G. Simmons, the father of Earl and Irvin Simmons, who are shown to be minors. For cause of action appellee alleged that appellants had breached their bond by selling and permitting to be sold, giving and permitting to be given, intoxicating liquor to said minors; and also by permitting said minors to enter and remain in appellant Holly's saloon. Appellants denied generally, and pleaded specially that neither they nor any of their servants, agents or employes knew of, or in any way consented to, the minors being in said saloon or receiving liquor there with knowledge of their minority; but, upon the contrary, that they had at that time good grounds for believing, and did in good faith believe, that said minors were more than twenty-one years of age. The case was submitted to the jury upon special issues, as follows:

"1. You will find from the evidence whether or not, at the time alleged in plaintiff's petition, the agent or bartender of A. E. Holly & Co. did, in the place of business of said A. E. Holly & Co., used for

selling intoxicating liquors, sell to Earl Simmons any beer. Answer to No. 1, 'Yes.'

"2. If you answer the last question in the affirmative, then you will find and state how many times the agent or employes of said Holly & Co., at the time and place aforesaid, sold him beer, if more than once. Answer to No. 2, 'Four or more.'

"3. You will find from the evidence whether or not the agent or employe, or bartender of said A. E. Holly & Co., at the time and place named in the first special issue set out above, gave any beer to Earl Simmons. Answer to No. 3, 'No (Sold it to him).'

"4. You will find from the evidence whether or not, at the time and place above referred to, any person other than the agent or bartender of said A. E. Holly & Co. gave any beer to Earl Simmons. Answer to No. 4, 'Yes, once.'

"5. If you answer the last question in the affirmative, then you will find and state how many times he was given any beer by any other person than the agent or bartender of said Holly & Co., if more than once. Answer to No. 5, 'No.'

"6. If in answer to the fourth question you have answered that any other person than the agent or bartender of Holly & Co. gave Earl Simmons any beer at the time and place referred to in the foregoing questions, you will find whether or not the beer so given to Earl Simmons was procured from the agent or bartender of A. E. Holly & Co. Answer to No. 6, 'Yes.'

"7. If you answer the last question in the affirmative, you will then find how many times beer was given to Earl Simmons that was procured from the said place of business of A. E. Holly & Co., if more than once. Answer to No. 7, 'Once.'

"8. If you answer sixth question in the affirmative, then you will find from the evidence whether or not the beer so given to Earl Simmons was drunk by him in said place of business of A. E. Holly & Co. Answer to No. 8, 'Yes.'

"9. If you answer the seventh question that Earl Simmons was given beer in the said place of business of A. E. Holly & Co. by any other person than the bartender or agent of A. E. Holly & Co. more than once, you will then find whether or not said beer so given him was drunk by said Earl Simmons in the place of business of said A. E. Holly & Co. Answer to No. 9, 'Yes.'

"10. You will find from the evidence whether or not, on the night of March 13, 1902, Earl Simmons did enter the place of business used by A. E. Holly & Co. for selling intoxicating liquors. Answer to No. 10, 'Yes.'

"11. If in answer to the last question, you have said that Earl Simmons did enter the place of business therein referred to of A. E. Holly & Co., then you will find from the evidence whether or not the said Earl Simmons did loiter or tarry in said place of business after procuring or before procuring any intoxicating liquors, if you find and believe from the evidence that he did procure any intoxicating liquor in said place of business. Answer to No. 11, 'No.'

"12. If in answer to the foregoing questions, you have found that Earl Simmons did enter the place of business of A. E. Holly & Co.,

and if you have found in answer to the foregoing questions that he did not purchase any intoxicating liquors, and that none was given him by any person, then you will find from the evidence whether or not said Earl Simmons did tarry or loiter in said place of business. Answer to No. 12 (No answer)." Like questions were asked and similar answers returned as to the minor Irvin Simmons.

At the request of the defendants the following additional issues were submitted upon which the jury found as indicated:

"No. 1. If you have found that any spirituous, vinous or intoxicating liquor was sold or given to either Earl or Irvin Simmons on the night of March 13, 1902, then say whether or not at the time Dick Holly, in good faith, believed that they were of the class entitled to purchase, that is, did he so believe that they were twenty-one years old. Answer to No. 1, 'Yes.'

"No. 2. If you have answered the defendants' special issue No. 1 in the affirmative, then did not Dick Holly have good ground or reason for his belief? Answer to No. 2, 'Yes.'

No. 3. The defendant requests the court to submit to the jury the following issue, viz: Did or not Dick Holly permit Earl Simmons or Irvin Simmons to remain in the defendants' place of business on the night of March 13, 1902?

"In this connection you are instructed that the term 'remain' is not to be given its restricted sense, but means rather something that exists or continues after some other time or event, or to tarry or loiter. Answer to No. 3, 'He did not object.'"

Upon these findings each party filed a motion praying for judgment. The court overruled appellant's motion and sustained that of appellee, rendering judgment in his favor for $1,000.

Appellants' first assignment of error is: "There was no finding by the jury upon the trial of said cause and no testimony introduced upon said trial that would support a finding by the trial court that either defendant A. E. Holly or M. S. Skinner, or any agent, servant or employe of theirs, ever knew or consented to the giving to Earl and Irvin Simmons (plaintiff's minor sons) any spirituous, vinous or intoxicating liquor in defendant's saloon, and therefore the trial court erred in holding, in effect by its judgment in plaintiff's favor herein, that these defendants permitted said liquor to be given to said minors."

It is immaterial that there was no finding by the jury upon the issue referred to in the assignment, since neither party requested such issue to be submitted, and under the statute the issue is deemed as found by the court in such manner as to support the judgment, provided there is evidence to sustain such a finding. (Sayles' Civ. Stats., art. 1331.) But in the view we have of the case the assignment must be overruled, because the subject matter of complaint therein is itself an immaterial issue in the case.

The theory upon which the court seems to have rendered judgment in the case is, that the jury having found that intoxicating liquors were given to and drunk by Earl and Irvin Simmons in appellants' place of business, and the undisputed evidence showing that said boys were minors, the appellants were liable upon their bond for having permitted the gift of said liquors to said minors. Appellants contend that unless

the dealer or his agent or employe knowingly permits or allows intoxicating liquor to be given to a minor in their place of business, that the terms of the bond are not breached. While on the other hand appellee insists that the word "permit" is used in the statute and bond in the sense of "not to prevent." We are of the opinion that the evidence is sufficient to have authorized the court's finding that appellants did permit intoxicating liquors to be given to the minor sons of appellee, even if that interpretation of the term contended for by appellants is to be adopted.

It is undisputed that the boys were minors; it is found by the jury that they entered appellants' place of business, where intoxicating liquors were sold to them by the agent or bartender of appellants. It is also found by the jury that intoxicating liquors procured from the bartender of appellants' were given to said minors who drunk the same in appellants' place of business; the evidence shows that this was done by other young men paying for the beer and "treating" the minors at appellants' bar. The bartender in effect testified, that if the beer was given he believed the boys were twenty-one years old. Necessarily he knew of their presence in his place of business, and the court was therefore justified in finding that he knowingly permitted such liquors to be given to these minors. But if we are mistaken in this, we are further of the opinion that appellants' contention with reference to the meaning to be given to the word "permit" is not correct. One of the conditions of the bond required by the statute is, "that such person, firm or association of persons, or his agent or their agent or employe, will not . . . give nor permit to be given, any spirituous, vinous or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of twenty-one years. . . . (Sayles' Civ. Stats., art. 5060g.) And when appellants entered into the bond sued upon they contracted that they would not do these things. Having in mind the evil intended to be forbidden, i. e., the giving of intoxicants to minors in public saloons, the statute makes it a condition precedent to a dealer's right to engage in the sale of intoxicating liquors that he will execute his bond with sufficient sureties obligating himself not to permit such gifts, evidencing to our minds an intention to place him under the legal obligation of preventing the gift of intoxicating liquors to minors in his place of business. The word "permit," according to the Standard Dictionary, means: "1. To allow by tacit consent or by not hindering; take no steps to prevent; consent tacitly to; suffer. 2. To grant leave to by express consent or authorization; empower expressly." Thus it is seen the word is used in the sense contended for by appellants as well as in the sense contended for by appellees. But from the language of the Act, considering, as above stated, the evils to be suppressed, we are inclined to think, as above indicated, that the law requires more of a dealer than that he will not knowingly permit liquors to be given to a minor in his place of business. It is his duty, if reasonably within his power, to prevent such. (See Findley v. Holly), and authorities there cited, decided by this court January 14, 1905. Of course it would not follow from these conclusions that in every case where intoxicating liquors were given to a minor in a saloon the dealer would be liable on his bond. The well known exceptions excusing a party from comply-

ing with the obligations of his contract to do or not to do a particular thing would doubtless apply to this character of contract as well as to any other. This principle would avoid the absurd consequences suggested by appellants.

It remains to be considered whether the well founded belief of appellants' bartender that Earl and Irvin Simmons were twenty-one years of age at the time, would be a defense to this action upon their bond.

It has been held with reference to a sale of liquor to a student the good faith of the dealer is no excuse. (Peacock v. Limberger, 95 Texas, 258, 66 S. W. Rep., 764.) So, also, it has been held that where a minor is permitted to enter and remain in the house or place, the good faith of the owner will not prevent this from being a breach of the bond. (Cox v. Thompson, 96 Texas, 468, 7 Texas Ct. Rep., 236; Gilbreath v. State, 11 Texas Ct. Rep., 216.) Permitting the giving of intoxicating liquors to a minor being in the same category with sales to students and permitting minors to enter and remain, the same reasoning would suggest that the good faith of the dealer in his belief that a minor was twenty-one years of age would be no defense to an action on the bond for permitting liquors to be given to such minor in such house or place. The language of the statute is different. By its terms good faith is applicable only to sales to minors and habitual drunkards. It is not necessary for us to assign any reason for these distinctions, nor indeed that there should be any; it is sufficient that this is the statute.

The proposition under appellants' fourth assignment of error, that a person selling liquor to a third person, knowing that it is for a minor, in law is deemed to have sold to the minor, rather than given or permitted to be given the liquor to the minor," is not germane to the assignment, and if it were we do not think it is sound as applied to the facts of this case. If the bartender sold to one who was acting as the agent of the minor in the purchase, the proposition might be correct, but here the testimony indicates that the minors were "treated" by others who bought and paid for the liquor, and it can hardly be contended that in such case the liquors were sold to the minors; rather they were sold to the persons paying for the drinks, and by them given to the minors.

All assignments of error are overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error granted by the Supreme Court and judgment reversed. See 99 Texas, 230.