## A. E. Holly et al. v. J. E. G. Simmons.

### No. 1466. Decided October 23, 1905.

**Liquor Dealer—Gift to Minor—Good Faith.**

The proviso to Art. 5060g, Rev. Stats., added by the amendment of 1893 (Acts 23d Leg., p. 181), relieving the liquor dealer from liability on his bond where the sale to a minor was made in good faith in the belief, upon good ground, that he was of age, applies as well to cases where liquor is given to the minor as where it is sold. (Pp. 232, 233.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Simmons sued Holly & Company on their bond as liquor dealers and recovered. Defendant appealed, and on affirmance obtained writ of error.

*J. H. Barwise, Jr.,* and *L. H. Mathis,* for plaintiff in error.—One does not permit liquor to be given to a minor, unless he or some servant, agent or employe of his, knows of and consents to such a giving; and there was no testimony whatever that either of appellants, or any agent, servant, or employe of theirs, ever knew that any one had given to either of the minors in this cause any intoxicating liquor. Definition of "permit," The Century Dictionary; Rev. Civ. Stat., art. 5060g; Acts Legislature, 1901; Scott v. State, 25 Texas Rep. Supplement, 169; Cochran v. State, 26 Texas Reports, 670; Whitcomb v. State, 30 Texas Ct. App., 169.

The jury having found specifically that the bartender or defendants had good reason to believe, and did in good faith believe, that the minors, Irvin and Earl Simmons, were twenty-one years of age at the time he sold them the beer, such a finding necessarily involved the further finding that the same belief on the bartender's part and good reason therefor existed (under the undisputed facts of this case) at the time any beer was given on that same occasion to said minors by any one else, even if the bartender had notice of such giving and such belief and good reason therefor by implication, fair interpretation and within the spirit of the statute constituted a good defense to the act of permitting to be given beer to said minors on said occasion, and therefore the trial court erred in rendering judgment herein for plaintiff. Starling v. The State, 34 Texas Cr., 295.

*A. H. Bates, Edgar Scurry* and *J. T. Montgomery,* for defendant in error.—That the seller of intoxicating liquors believed, and had good grounds to believe, a minor twenty-one years old, is no defense to a suit on his bond to recover for a gift to a minor. McGuire v. Glass, 4 Texas App. Civ., 78; Cox v. Thomson, 96 Texas Rep., 468; Peacock v. Limburger, 95 Texas Rep., 258; Tinkle v. Sweeney, 97 Texas Rep., 190. The word "sale" does not include gift. Keller v. State, 23 Texas Cr. App., 259; Bottoms v. State, 73 S. W., 16; Holley v. The State, 14 Texas Cr. App., 505; also any dictionary.

The fact, if it be true, that a dealer in intoxicating liquors did not know that a minor was given intoxicating liquor in his place of business, is no defense, as he is bound to know and prevent, or at least use a high degree of care to do so. Maier v. State, 2 Texas Civ. App., 296; Red River, etc., Ry. Co. v. Dooley, 80 S. W., 566; Commercial Wharf Co. v. Winsor, 146 Mass., 559.

In addition to the foregoing, we submit that the word "permit," in the bond in controversy, does not mean to "knowingly" suffer or allow, but has the meaning rather of "not to prevent"; and that a saloon-keeper can not excuse himself for failure to comply with his bond, by pleading ignorance of the breach. It is true "permit" is sometimes held to have the one meaning and sometimes the other; but it seems to us, that where, as in this case, the law imposes a duty, and requires of the party a bond not to permit a thing, it would be monstrous to hold that, without any effort to perform the duty, the party may be excused solely upon the ground of ignorance, even though the ignorance be the result of indifference to the duty. The cases we have

cited illustrate our position. We are persuaded that no court will ever hold that a saloonkeeper can plead ignorance as a defense, at least without going further and showing that such ignorance was not the result of indifference or neglect. To do so will be to license a violation of the bond and put a premium on blind bar-tenders.

GAINES, CHIEF JUSTICE.—This action was brought by defendant in error, Simmons, to recover of plaintiffs in error, as obligors on a retail liquor dealer's bond, penalties for several breaches of the conditions of the obligation. The plaintiff sought to recover six penalties of $500 each, aggregating $3,000. The alleged infractions were, (1) selling in the dealer's place of business intoxicating liquor to one Earl Simmons, a minor son of the plaintiff; (2) permitting liquor to be given in such place of business to the minor; (3) permitting the minor to enter and remain in the dealer's place of business; and like allegations as to one Irvin Simmons, another minor son of the plaintiff.

The case was submitted to the jury upon special issues, and they found, in substance, that the dealer's agent sold liquor to each of said minors; that he permitted liquor to be given to each of them in his place of business, and that each of them was permitted to enter the premises, but not permitted to "tarry or loiter" in the saloon. They also found, however, that the bartender who sold the liquor to the minors in good faith believed they were twenty-one years old.

Upon the return of the verdict, the attorneys for the plaintiff moved the court to enter judgment upon the verdict for $1,000, which was accordingly done.

Since the jury found that the bartender, in making the sale of liquor to the minors, believed in good faith that they were adults, and since they also found in effect that the minors, after accomplishing the purpose for which they entered the saloon, did not tarry therein, we think it is to be inferred that, in rendering the judgment, the court was of opinion that by the verdict the charge of permitting the liquor to be given to the minors had been sustained. Whether the findings of the jury showed an offense in that particular, is the question which has been presented by the written arguments filed in this court. The question is a difficult one, and has been ably discussed on both sides.

The statute which authorizes suits of this character has been before us for construction in several instances, and has always given us trouble. We have held, that the fact that a retail liquor dealer honestly believes. that a minor who has entered his place of business and remained there is of full age, does not exempt him from liability under that condition of the bond which provides that he shall not permit a minor to enter his establishment and remain therein. (Tinkle v. Sweeney, 97 Texas, 190.) That decision was based largely upon the consideration that in case of a sale to a minor, there was a reason for exempting the saloonkeeper from the penalty, when honestly mistaken as to the age of the purchaser, which did not exist in case of permitting a minor to enter and remain in his place of business. We also held that the ignorance of a saloonkeeper of the fact that a

person to whom he sold liquor was a student, did not excuse him for making such sale. (Peacock v. Limburger, 95 Texas, 258.) In the case last cited, we said that no good reason suggested itself why a distinction should be made between the case of a sale to a minor and that of a sale to a student; but we recognized the fact that the legislature may have acted upon some consideration not then apparent to us. But that any possible reason can be given for holding a saloon-keeper, who honestly believes a minor to be an adult, excusable for selling liquor to such minor, and not excusable for giving or permitting it to be given to him, under the same circumstances, we can not conceive. Indeed, the whole of that clause of the statute which reads, "And that such person, firm, or association of persons, or his or their agent or employe, will not sell or permit to be sold in his or their house or place of business, nor give nor permit to be given, any spirituous, vinous, or malt liquors, or medicated bitters capable of producing intoxication, to any person under the age of twenty-one years," was intended to suppress one evil. Its purpose was to prevent minors from procuring intoxicating liquors in a retail liquor dealer's establishment. In order to accomplish this object, it was necessary, not only to provide that the dealer should not sell or give him such liquor, but also that he should not permit a third person to give it to him. This was evidently to prevent his being "treated." If there be any difference in degree between the evil of selling and that of giving the liquor to a minor, it seems to us the former must be the greater; and it also seems rather more reprehensible to sell or give intoxicating liquor to a minor, than it is to permit some one else to give it to him. Yet the judgment in this case acquits the defendant of any wrong in selling to the minor directly, and mulcts him in a penalty for permitting the liquor to be given to him. We can not bring ourselves to believe that the legislature intended to bring about so unreasonable result; and what we believe to be the intention of the lawmakers, must be our construction of the statute.

The judgment of the Court of Civil Appeals and of the District Court are reversed, and judgment here rendered for plaintiff in error.

*Reversed and rendered.*