# Allen *v*. Alston, as Ex.

## *Assumpsit.*

(Decided May 9, 1906.　41 So. Rep. 159.)

1. *Attorney and Client; Money Collected; Action; Parties Plaintiff Real Party in Interest.*—Where the facts stated in the complaint show an implied contract to pay over mony collected by an attorney for a client, the case is brought within the influence of § 28, Code 1896, and the suit should have been brought in the name of the real party in interest.

2. *Appeal; Review; Questions for Review; Bill of Exceptions.*—Motion to strike pleas, and parts thereof, and the court's action thereon, must be shown by the bill of exceptions, else they cannot be considered on appeal.

3. *Corporations; Assignment of Claim; Sufficiency.*—In the absence of evidence showing that the vice president of a corporation was authorized to execute the assignment of a claim, such assignment executed by the vice president, to which the corporate seal was not attached, was inadmissible in evidence in an action on the claim, especially where such assignment recites that the vice president was authorized to execute it 'in the name and under the seal."

APPEAL from Colbert Circuit Court.

Heard before HON. D. W. SPEAKE.

Action by J. V. Allen against R. C. Alston as executor of Thompkins, deceased, for money alleged to have been collected by Thompkins for the Scovill-Irwin Const. Co. and assigned to Allen. The original complaint was brought in the name of the Scovel-Irwin Const. Co., for the use of J. V. Allen and counted on the collection by defendant's testator of a certain sum of money as an

attorney for the construction company and shows an assignment of said claim of the Scovell-Irwin Const. Co. to J. V. Allen before the bringing of this suit. It is alleged that demand was made on defendant's testator both by the original party and its assignee, said Allen, for re-payment of the sum so collected.

Demurrers were interposed to this complaint (1) because it failed to state a cause of action; (2) because it appears from the complaint that J. V. Allen is the real and beneficial owner of the subject-matter of the suit; (3) it apears from said complaint that plaintiff in said cause, the Scovel-Irwin Construction Company, is not the owner of the subject-matter of the suit; (4) it appears from said complaint that the suit is not instituted in the name of the party owning the subject-matter of the suit. These demurrers were sustained by the court, and plaintiff amended his complaint by making J. V. Allen the sole party plaintiff.

The plaintiff offered the following as evidence, after showing that H. S. Jackson was the vice-president of the Scovel-Irwin Construction Company on the 4th day of February, 1902, and that as such vice-president he signed the assignment which follows: "For value received the Scovel-Irwin Construction Company hereby sells, transfers, and assigns unto Joseph V. Allen that certain judgment rendered in favor of the Scovel-Irwin Construction Company in the circuit court of Colbert county, state of Alabama, on the 7th day of January, 1897, against the Sheffield Land & Iron Co. of Alabama for the sum of $1,185, and that said Scovel-Irwin Construction Company transfers and assigns unto the said J. V. Allen all its rights and equities therein and thereunder, hereby authorizing said Allen or his assigns to bring any action in its name, either at law or in equity, for the collection of said judgment or its proceeds. In testimony whereof, the Scovel-Irwin Construction Company has executed these presents by its vice-president, who is duly authorized to execute the same in the name and under the seal this the 4th day of February, 1902. (Signed) Scovel-Irwin Construction Co., by H. S. Jackson, V. P." There is no seal shown. The defendants

objected to the introduction of the assignment, because it was not under seal, and because it was not shown that Jackson was authorized by the corporation to execute it for and in its name. The court sustained the defendant's objection, stating that, as the alleged transfer was not under seal of the corporation, there was no presumption that Jackson, although vice-president, was authorized to execute the same so as to bind the corporation.

R. H. WILHOYT, for appellant.—The original suit was properly brought in the name of the construction company for the use of Allen.—§ 28, code 1896. The judgment was a contract within the statute.—*Smith v. Harriman*, 33 Ala. 706; *Johnson v. Martin*, 54 Ala. 271; *Masterson v. Gibson*, 56 Ala. 56; *Wolffe v. Eberlin*, 74 Ala. 99. It therefore follows that the demurrers were improperly sustained. The assignment made to Allen by the construction company was in proper. form and should have been admitted.—§ 1036, code 1896; 13 Ala. 234; Minor, 268; 2nd Mayfield, 219. A seal to an instrument of this character is not necessary, as corporations can act without seal whenever natural persons can.—4 Thomp. on Corp. § 5046. The regularity of the corporate acts and the authority of the actors is presumed.—Ib. § 5029.

KIRK, CARMICHAEL & RATHER, for appellee.—The complaint showed a breach of contract on the part of defendant to pay over money collected by his testator as an attorney and the defendant's liability is upon the contract and the suit must be in the name of the party really at interest.—§ 28, code 1896; *Skinner v. Bedell*, 32 Ala. 44; *Ryall v. Prince*, 82 Ala. 264; *Pen. R. R. Co. v. Schafer*, 76 Ala. 233; *Levystein v. Marks*, 56 Ala. 564. The motion to strike the pleadings from the file must be shown by bill of exceptions to be reviewable.— *Dothan Guano Co. v. Ward*, 132 Ala. 380; *Mouton v. L. & N. R. R. Co.*, 128 Ala. 537. The court properly excluded the alleged assignment of the judgment by the construction company to Allen because it was not shown

that the vice-president had authority to make the transfer, it not being under the seal of the corporation.— *Olney v. Chadcy,* 7 R. I. 224; *Merchant's Bank v. Rawls,* 7 Ga. 191; *American S. & L. Asso. v. Smith,* 122 Ala. 505; *Goodyear Rubber Co. v. Scott,* 96 Ala. 439; *Norton v .Alabama Natl. Bank,* 102 Ala. 420; *Swann & Billups v. Miller,* 82 Ala. 530; *Wear v. Swann & Billups,* 79 Ala. 330; *Jinwright v. Nelson,* 105 Ala. 399; *Thornton v. Gould,* 59 Ala. 465.

ANDERSON, J.—This suit was brought in the name of Scovel-Irwin Construction Company for the use of J. V. Allen.

The facts set out in the complaint show an implied contract on the part of Tompkins to pay over the money collected by him and bring the case within the influence of section 28 of the code of 1896, and the suit should have been brought in the name of the party really interested. There was no error in sustaining the demurrer to the complaint.

As the action of the trial court upon the motion to strike certain pleas and parts thereof is not presented for review by the bill of exceptions, we cannot consider the same.—*Dothan Guano Co. v. Ward,* 132 Ala. 380, 31 South. 748; *Mouton v. L. & N. R. R. Co.,* 128 Ala. 537, 29 South. 602.

The assignment offered did not have the corporate seal attached, nor was there any proof that Jackson had the authority to execute the same. Indeed, the assignment itself recites that Jackson is authorized to "execute the same in the name and under the seal," yet fails to show that it was so executed.—*American Association v. Smith,* 122 Ala. 505, 27 South. 919; *Goodyear Rubber Co. v. Scott Co.,* 96 Ala. 439, 11 South. 370; Cook on Stocks, § 712.

The trial court properly sustained the objection to the introduction of the assignment in evidence.

The judgment of the court is affirmed.

HARALSON, DOWDELL and DENSON, JJ., concur.