JOHNSON v. FT. WORTH DRIVING CLUB.
(Court of Civil Appeals of Texas. Ft. Worth. Feb. 10, 1912.)

1. LANDLORD AND TENANT (§ 105*)—LEASES—CONSTRUCTION—TERMINATION.

A lease, containing a stipulation giving the owner a right to declare it forfeited if the lessee permits the sale of intoxicating liquors upon the premises, requires the lessee to exercise reasonable diligence to prevent such sale; but the lease cannot be forfeited where sales made on the leased premises were not permitted by the lessee.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 329, 330; Dec. Dig. § 105.*]

2. LANDLORD AND TENANT (§ 112*)—LEASES—STIPULATION—WAIVER.

The acceptance of rent by a landlord is not a waiver of his right to declare the lease forfeited under a stipulation giving him that privilege if the lessee shall permit the sale of intoxicating liquors on the premises, where, though there had been sales of intoxicating liquors on the premises, the lessee assured him that no further sales would be permitted.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 343–349; Dec. Dig. § 112.*]

Appeal from District Court, Tarrant County; W. T. Simmons, Judge.

Action by Robert G. Johnson against the Ft. Worth Driving Club. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Spoonts, Thompson & Barwise, for appellant. Q. T. Moreland, for appellee.

DUNKLIN, J. Robert G. Johnson instituted this suit against the Ft. Worth Driving Club to cancel a lease held by the defendant on a tract of land owned by the plaintiff, and from a judgment adverse to the plaintiff he has appealed.

[1] The property was leased for the purpose of maintaining thereon a race track and fair grounds, and the lease, which was in writing, contained a stipulation which gave to the owner of the property the right to declare the lease forfeited in the event the lessee should permit the sale of intoxicating liquors upon the premises. A breach of this stipulation was made one of the grounds of plaintiff's suit to cancel the lease, and the issue thus presented is the only issue involved on this appeal.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

The evidence shows that the lessee sublet the premises to the Ft. Worth Fair Association for one month ending May 12, 1909. During a racing exhibition given by the sublessee while holding under that lease, intoxicating liquors were sold upon the premises. The original lessee procured from the district judge a temporary writ of injunction restraining such sales, and that injunction was, upon appeal therefrom by the sublessee, finally sustained by our Supreme Court. See Ft. Worth Driving Club v. Ft. Worth Fair Association (Sup.) 122 S. W. 254. After the termination of the sublease under which the sales made the basis of that suit occurred, the lessee again sublet the premises to the Ft. Worth Fair Association for another month beginning May 12, 1909, and ending June 12, 1909. Upon the trial of this suit it was agreed by the parties that intoxicating liquors were sold upon the leased premises during the time covered by the second sublease, and plaintiff's suit for a cancellation was by him expressly limited to those sales. The record before us further shows that upon the trial the construction placed by plaintiff upon the forfeiture clause in the lease above noted was that it imposed upon the defendant the duty to resort to the same legal proceedings, if necessary, to prevent such sales as had been instituted to restrain sales during the term of the first sublease, and that in failing so to do the defendant had permitted the sale of intoxicating liquors within the meaning of the forfeiture clause, and that the lease was thereby forfeited. Counsel for plaintiff expressly stated to the trial judge, in substance, that such was plaintiff's interpretation of the term "permit" used in the forfeiture clause relative to sales of intoxicating liquors upon the leased premises. We think that the forfeiture clause imposed upon defendant the duty to exercise at least that degree of diligence to prevent such sales. This obviates the necessity of a discussion by us of the proper legal interpretation of the term "permit," and in saying this we do not wish to be understood as intimating that the interpretation adopted by appellant was not a proper one at all events. See Holly v. Simmons, 38 Tex. Civ. App. 124, 85 S. W. 327; Id., 99 Tex. 230, 89 S. W. 776. With that interpretation as a guide, there was no error in the court's instruction to the jury to return a verdict in defendant's favor if it did not permit such sales, even though the same were made upon the leased premises during the period in controversy.

[2] On April 29, 1909, plaintiff received from defendant payment of rents covering a period terminating September 21, 1909. The court instructed the jury to return a verdict in defendant's favor if at the time plaintiff accepted this rent he knew that intoxicating liquors were upon the premises for the purpose of sale. This was tantamount to a peremptory instruction as plaintiff, himself, testified that such were the facts. But he further testified that his acceptance of those rents was upon defendant's assurance that it would not permit further sales of intoxicating liquors upon the premises. Under those circumstances, the acceptance of the rents was not a waiver of the forfeiture clause in the lease, and hence the charge was erroneous. See 24 Cyc. 1362.

For this error the judgment is reversed, and the cause remanded.