GOTZIAN & CO., Appellant, v. NORRIS, Sheriff, et al., Respondents.

(No. 6,724.)

(Submitted January 16, 1931. Decided March 6, 1931.)

[297 Pac. 489.]

*Messrs. Belden & DeKalb, Mr. Emmet O'Sullivan* and *Mr. Merle C. Groene,* for Appellant, submitted a brief; *Mr. Groene* argued the cause orally.

*Mr. W. W. Mercer* and *Mr. Ralph J. Anderson,* for Respondents, submitted a brief.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The complaint in this action consists of three causes of action. The first and second were decided in plaintiff's favor and no appeal has been taken from them. As to the third cause of action, judgment was entered in favor of defendants, and plaintiff has appealed therefrom. It seeks the recovery of damages in the sum of $427.55 from defendant Norris, as sheriff of Musselshell county, and from the defendant Maryland Casualty Company, as surety on his official bond, for refusal to levy a writ of attachment. The action is based upon section 4781, Revised Codes 1921.

From the complaint it appears that Davis & Braisted Company, a corporation, commenced action in the district court

of Wheatland county against the Musselshell Mercantile Company, a corporation, and caused a writ of attachment to issue on August 24, 1926. On August 26 the writ was placed in the hands of defendant Norris, as sheriff of Musselshell county, with a written praecipe, signed by the attorney representing plaintiff in the action, directing him to levy upon "the stock of goods held for sale by defendant [Musselshell Mercantile Company] at its store in Musselshell, Montana, and upon the money in the cash register, and in the safe in the store, if any," and to sell the same. This he refused to do. The value of the property described in the praecipe is alleged to be approximately $10,000. It is alleged that on September 22 judgment was entered in favor of Davis & Braisted Company for $426.90, no part of which has been paid; that on September 22, for consideration, the judgment and "all of the rights against the defendant therein" were assigned and transferred by Davis & Braisted Company to plaintiff in this action, and that plaintiff is the owner and holder of the judgment "and the assignee of all of the rights of the said judgment creditor against the defendants herein."

The questions determinative of the merits of the appeal are these: First, does the complaint sufficiently allege an assignment to plaintiff of the cause of action, otherwise sufficiently pleaded; second, was there competent proof of the assignment?

As above noted, the complaint alleges an assignment by Davis & Braisted Company of "all of the rights against the defendant herein," and that plaintiff is the "assignee of all of the rights of the said judgment creditor [Davis & Braisted Company] against the defendants herein." This, we think, was a sufficient allegation of an assignment to plaintiff of all rights of the Davis & Braisted Company against the defendants, and particularly in the absence of a special demurrer or motion to make more definite and certain.

The allegations of a pleading must be liberally construed, with a view to substantial justice. (Sec. 9164, Rev. Codes 1921.) And against the general objection for want of

sufficient allegations, as here, whatever is necessarily implied in, or is reasonably to be inferred from, an allegation is to be taken as directly alleged. (*County of Silver Bow* v. *Davies,* 40 Mont. 418, 107 Pac. 81; *Gauss* v. *Trump,* 48 Mont. 92, 135 Pac. 910; *Woodward* v. *Melton,* 58 Mont. 594, 194 Pac. 154; *Grant* v. *Nihill,* 64 Mont. 420, 210 Pac. 914; *Grover* v. *Hines,* 66 Mont. 230, 213 Pac. 250; *Ray* v. *Divers,* 72 Mont. 513, 234 Pac. 246; *Friedrichsen* v. *Cobb,* 84 Mont. 238, 275 Pac. 267.)

Was the assignment proven? Emmet O'Sullivan testified that he acted as attorney for Davis & Braisted Company; that he drew up two assignments, sent them to Davis & Braisted and in due course of mail they were returned to him duly executed. The two assignments are dated September 22, 1926. Both are ample in substance to cause a transfer and assignment, not only of the judgment against the Musselshell Mercantile Company, but of the cause of action held by Davis & Braisted Company against these defendants. One assignment purports to have been executed by Davis & Braisted Company, a corporation, by E. R. Snyder. It contained no acknowledgment. The other appears to have been executed by Davis & Braisted Company, a corporation, by R. S. Braisted, vice-president. It contains the following acknowledgment:

"State of Minnesota,

"County of Hennepin,—ss.

"On this 22nd day of May, in the year 1928, before me, Edna M. Swenson, a Notary Public in and for the County and State aforesaid, personally appeared R. S. Braisted, known to me to be the vice-president of the corporation that executed the within and foregoing instrument, and acknowledged to me that such corporation executed the same.

"In Witness Whereof, I have hereunto set my hand and affixed my notarial seal, the day and year first above written.

"(Seal.)                                   EDNA M. SWENSON,

"Notary Public in and for the State of Minnesota, residing at Minneapolis, Minnesota. My Commission expires March 3, 1932."

The corporate seal was not attached to either assignment.

Defendants contend that the proper foundation was not laid for the introduction of these assignments in evidence. It may be conceded that the unacknowledged assignment was incompetent to prove plaintiff's right to maintain the action. Such was the holding of the supreme court of Alabama, in *Allen* v. *Alston*, 147 Ala. 609, 41 South. 159, where a simliar assignment was involved.

The question presented under the acknowledged assignment is: Was there sufficient proof of the authority of the vice-president to sign and acknowledge it?

An officer or agent who has direct superintendence of the ▇ affairs of a corporation may bind it by an assignment of a chose in action, but a subordinate officer may not do so unless expressly or impliedly authorized. (14A C. J. 418.) The general rule is that in the absence of a statute giving probative force to an acknowledgment, it has no probative effect and must be proved when offered in evidence. (1 C. J. 781.) And instruments required by law to be acknowledged under Recording Acts do not embrace assignments. (*McCormick* v. *National Bank of Commerce*, (Tex. Civ. App.) 106 S. W. 747; *Koloff* v. *Chicago, Mil. & P. S. Ry. Co.*, 71 Wash. ▇ 543, 129 Pac. 398.) But in this state private writings may be acknowledged and proved in the same manner as real estate conveyances. This is by virtue of section 10596, Revised Codes 1921, which provides: "Every private writing, except last wills and testaments, may be acknowledged or proved and certified in the manner provided for the acknowledgment or proof of conveyances of real property, and the certificate of such acknowledgment or proof *is prima facie evidence of the execution of the writing in the same manner as if it were a conveyance of real property.*" And section 10598 provides: "Every instrument conveying or affecting real property, acknowledged or proved and certified, as provided in the Civil Code, and every instrument authorized by law to be filed or recorded in the county clerk's office, may,

together with the certificate of acknowledgment or proof, be read in evidence in an action or proceeding, without further proof * * * ."

Identical statutes in California have been construed as authorizing an assignment of a cause of action to be acknowledged, and that the introduction in evidence of an acknowledged assignment makes out a prima facie case of its due execution. (*Thomas* v. *Fursman,* 177 Cal. 550, 171 Pac. 301.)

The universal rule is that a certificate of the notary public ▉ taking an acknowledgment is at least prima facie evidence of every necessary recital contained in it. (1 C. J. 886; 1 R. C. L. 294.)

In *Springhorn* v. *Springer,* 75 Mont. 294, 243 Pac. 803, 805, ▉ this court said: "While there is some divergence in judicial expression as to the effect of the acknowledgment of an instrument, it appears to us that the better rule is that laid down in the case of *Albany County Sav. Bank* v. *McCarty,* 149 N. Y. 71, 43 N. E. 427, 431, where it is said: 'The officer, by a solemn official act, certifies to the acts and declarations of the person appearing before him, and those acts and declarations are thereby stamped with the character of evidence, tending to establish whatever those acts and declarations would establish if proved by oral testimony in a court of justice. We think that, as between the parties, a certificate of acknowledgment, when read in evidence, makes out a prima facie case as strong as if the facts certified had been duly sworn to in open court by a witness, apparently disinterested and worthy of belief. The legal presumption of the proper performance of official duty by a public officer requires that this effect should be given it.' " And by express statutory provision, proof of the acknowledgment of an instrument may be made without this state before a notary public. (Sec. 6907, subd. 4, Rev. Codes 1921.) And the certificate made in a foreign jurisdiction is prima facie evidence of the official character of the notary and of the genuineness of his signature (20 Cal. Jur. 229), and particularly where, as here,

there is no statute requiring a further certificate by some specified officer authenticating the signature and official character of the officer taking the acknowledgment. (1 C. J. 834; 1 R. C. L. 275.) Acknowledgment of an instrument in behalf of a corporation can be made only by an officer authorized by the corporation to do so, and if the statutes designate the officers who may make an acknowledgment for a corporation, the acknowledgment, to be effective, must be by an officer thus designated. (1 C. J. 790; *Erickson* v. *Conniff*, 19 S. D. 41, 101 N. W. 1104.)

While a vice-president is not specifically designated by our ▮ statute as one who has authority to acknowledge an instrument on behalf of a corporation, the history of the statutes on the subject discloses that the legislature intended that he should have this authority. Thus section 6910, in prescribing the duties of the officer taking an acknowledgment, provides: "The acknowledgment of an instrument must not be taken unless the officer taking it knows or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making the acknowledgment is the individual who is described in and who executed the instrument; or, if executed by a corporation, that the person making such acknowledgment is the president or vice-president, or secretary or assistant secretary of such corporation." This section was originally enacted as section 1605 of the 1895 Codes and came into the 1907 Codes as section 4659, but it was not until 1913 that it included the words "vice-president" and "assistant secretary." This was accomplished by Chapter 2 of the Laws of 1913. And section 6915, Revised Codes 1921, in prescribing the form of an acknowledgment by a corporation recognizes that it may be made by a vice-president; but it was not until the enactment of Chapter 3 of the 1913 Laws that this section included the term "vice-president." Also, by Chapter 4 of the Laws of 1913, section 4681 of the Revised Codes of 1907 was amended so as to validate all instruments theretofore acknowledged by either a vice-

president or assistant secretary of any corporation. As amended, the section is now 6932, Revised Codes 1921. It is apparent from Chapters 2, 3 and 4 of the Laws of 1913 that the legislature intended to give effect to instruments acknowledged by the vice-president of a corporation.

The fact that the secretary did not sign the instrument ▮▮▮▮▮ does not affect its validity if the vice-president was authorized to execute it. (*Mayger* v. *St. Louis M. & M. Co.*, 68 Mont. 492, 219 Pac. 1102.) We think the fact that the vice-president was authorized to make the assignment must be presumed from the certificate of the notary public, reciting that he acknowledged that the corporation executed it. That was sufficient proof to make out a prima facie case of the due execution of the assignment by the corporation, in the absence of any proof to the contrary, as here.

The court admitted the assignment in evidence upon condition that its admissibility would be considered along with the other points involved in the case when finally considering the case on its merits. By deciding the case in favor of the defendants the court evidently concluded that the proof of the assignment of the cause of action to plaintiff was insufficient to entitle it to maintain the action. This was virtually the only point in the case. In this the court erred.

It follows that the judgment must be and is reversed and the cause remanded, with direction to enter judgment for plaintiff.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and MATTHEWS concur.