KELLY, Admr., Respondent, *v.* LOWNEY & WILLIAMS, INC., et al., Appellants.

(No. 8,274)

(Submitted April 13, 1942. Decided June 11, 1942.)

[126 Pac. (2d) 486.]

386

*Mr. R. F. Gaines,* for Appellants, submitted a brief and argued the cause orally.

*Mr. E. J. Foley,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The defendants Lowney and Lowney & Williams, Inc., have appealed from a judgment entered against them in a case where the plaintiff, as administrator, was awarded damages in the sum of $2,500 by reason of injuries to and the death of Nellie Kelly, and $1,000 upon a separate cause of action because of damages to her dwelling house.

On June 5, 1940, William Lowney, one of the officers of Lowney & Williams, Inc., went to the home of Carl Jensen, in Butte, for the purpose of closing a transaction involving the purchase of an automobile by Aileen Jensen, a daughter of Carl Jensen. There had, prior to this date, been demonstrations of the automobile to the Jensen family, during which the family had taken a ride in the car. The testimony is that during these demonstrations, William Lowney had been informed that Carl Jensen could not drive an automobile but that his daughter Aileen was to be the family driver. Lowney, on the day of the accident, stopped the car in front of the Jensen house and, according to his testimony, set the brake and, as an extra precaution, placed the car in gear. He then

went into the Jensen house. Sometime later Carl Jensen, Lowney and Mrs. Jensen came out of the house and Carl Jensen got into the driver's seat to "see what it feels like." Lowney stood beside the car. Jensen testified that he had no intention of driving the car. However, he asked Lowney several questions about high and low gears. He was informed by Lowney how the ignition was turned on. Lowney also showed him the starter mechanism and asked Jensen if he would like to hear the motor. (The record at this point is very uncertain as to what happened to put the car in motion.) After the motor started and had run a few seconds, the automobile went forward with a lurch and started down the street. Jensen tried to keep it in the road but was unsuccessful. He ran the car into the front of a house owned and occupied by Nellie Kelly. At the time of the crash Nellie Kelly was in the kitchen and her daughter was in the bathroom. The daughter cried out that it was an earthquake, and the mother responded that she thought it was a gas explosion. There was no physical contact between the car and Nellie Kelly except that she felt and heard the crash by being in the house at the time.

In December of 1940 Nellie Kelly died. The doctor, upon being asked the cause of her death, said: "Well I signed the death certificate as cardiac failure due uremic poison. It started out with just a cold or flu. Complication developed in her kidney and heart later." The children of Nellie Kelly testified that after the crash their mother was nervous, could not sleep, was worried over who was going to pay for the repairs of the house, and continued to sleep in the living-room though it was constantly subject to a draught because of damage to the house, and that she refused to move into another room because she could not sleep on the bed in the other room; that she caught a cold in July and one in December, the last cold culminating in her death.

Jensen was named as a defendant and the jury found in his favor and against the other defendants, William Lowney and Lowney & Williams, Inc.

The first contention made by the appealing defendants is ▮ that the court was in error in denying their motions for non-suit and directed verdict. These motions were predicated upon a failure of the evidence to sustain the allegations in the complaint. The complaint alleged that the defendants "negligently permitted" Jensen to drive off alone in the car. The evidence shows merely that the car started out with neither Jensen nor Lowney expecting it to go into motion. However, the jury in effect found that the acts of the defendant Lowney in allowing Jensen to sit in the car and directing the starting of the motor, and the shifting of gears, under the circumstances was sufficient to show negligence when coupled with the fact that Lowney knew that Jensen could not drive a car. The jury was warranted in so finding. While the word "permit" could mean affirmative action, yet it can also mean negative action as defined in *Holly & Co.* v. *Simmons,* 38 Tex. Civ. App. 124, 85 S. W. 325, 327, wherein it is said that "permit" means "to allow by tacit consent, or by not hindering; take no steps to prevent." Webster's New International Dictionary, 2d Ed., defines the word "permit" as "to allow; to give an opportunity; to make possible." The use of the word in the complaint is sufficiently broad to include the negligence ▮ proven by the plaintiff. We must give the complaint a liberal construction (sec. 9164, Rev. Codes), and whatever is necessarily implied in or reasonably inferable from the allegations is to be taken as directly alleged. (*Gotzian & Co.* v. *Norris,* 89 Mont. 307, 297 Pac. 489; *Park Saddle Horse Co.* v. *Cook,* 89 Mont. 414, 300 Pac. 243; *Clem* v. *Clem,* 97 Mont. 570, 36 Pac. (2d) 1034.) Lowney, in directing the starting of the motor while Jensen, an inexperienced driver, sat in the driver's seat, gave the latter an opportunity to do a further act which would start the car on its ill-fated journey. The jury was warranted in finding that these acts constituted negligence on the part of Lowney for which he as well as the company would be liable as alleged in the complaint.

The defendants further argue that if the acts proven can

█ be negligence under this complaint, then the court was in error in refusing to give an instruction to the effect that before the appealing defendants could be held liable, the jury must find that Lowney knew, or should have known, that Jensen intended to drive the automobile. Under the evidence, and from what we have said above, this instruction was not proper. It was sufficient that Lowney, under the circumstances, knew, or in the exercise of reasonable care, should have known that Jensen, who was inexperienced in the handling of cars, might accidentally or otherwise do some act that might start the car in motion without actually intending to do so.

The next contention made by the appealing defendants relates to the second cause of action, upon which the jury awarded $2,500 for personal injuries to the person of Nellie Kelly.

At the outset it is well to point out that in this state there █ may be recovery for damages for personal injuries occasioned by fright or mental shock though there be no physical contact. (*Cashin* v. *Northern Pacific Ry. Co.*, 96 Mont. 92, 28 Pac. (2d) 862.) In that case this court upheld a judgment for damages due to mental shock from an explosion in which the plaintiff was not physically touched—the damages following fright alone.

Specifically, the appealing defendants contend that the █ court was in error in giving the following instructions: "If your verdict * * * is in favor of the plaintiff * * * on the second cause of action, * * * it is your duty to insert and write into that verdict all damages sustained by the plaintiff as to the second cause of action insofar as alleged in the complaint and proven by a preponderance of the testimony. In determining this amount you may consider her fright and mental shock, if any, and all pain and suffering, if any, of mind and body, insofar as caused by fright and mental shock, if any. *Also her, Nellie Kelly's death.* You may also consider any impairment of the plaintiff's health, physical or mental,

as a consequence of fright or shock, if any, whether the impairment be permanent or only temporary."

As pointed out by the defendants, the instruction presumes that the crash into the house was the proximate cause of Nellie Kelly's death. The jury was told as a matter of law to consider the death of Nellie Kelly in fixing the amount of damages. This was error. On the record before us the court should have instructed the jury as matter of law that death was not proximately caused by the crash. Obviously the award of damages would be much greater when death is considered as an element of damages than if it were not. We cannot say that the jury's award was not materially greater than it would have been had death not been considered. Error in this respect necessitates a retrial of this cause of action.

The next contention made by the appealing defendants is ██ that the court was in error in instructing the jury to the effect that Lowney & Williams, Inc., would be liable even though no negligence was found upon the part of Jensen. The negligence in this case was not primarily the failure of Jensen properly to steer and handle the vehicle, but it was the circumstance surrounding the act of getting into the car, the manipulation of the various mechanisms at the direction of Lowney, all of which contributed in putting the car in motion. The evidence is sufficient to show the appealing defendants' complicity in those acts under circumstances which the jury was warranted in finding constituted negligence on their part irrespective of whether Jensen was negligent.

The judgment is affirmed as to the first cause of action, relating to injuries to the dwelling house; and the judgment on the second cause of action, relating to the injuries received by Nellie·Kelly in person, is reversed, and the cause is remanded for a new trial upon that cause of action. Each party will pay his or its costs of appeal.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ERICKSON, ANDERSON and MORRIS concur.