**Margaret WELSH and John Welsh, Plaintiffs,**

v.

**Randy DAVIS and Golden Valley Transportation, Defendants.**

**Civ. No. 2890.**

United States District Court
D. Montana,
Great Falls Division.
Dec. 31, 1969

Arthur G. Matteucci, Swanberg, Koby & Swanberg, Great Falls, Mont., for plaintiffs.

Smith, Emmons & Baillie, Great Falls, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, Chief Judge.

Count II of the complaint alleges that the plaintiff husband suffered nervous shock as a result of watching an accident in which his wife was injured. The motion to dismiss directly raises the question—under Montana law may one person recover for the emotional trauma caused by witnessing the infliction of death or injury of another? I conclude not.

The problem has not been resolved in Montana. Both Cashin v. Northern Pacific R. Co., 96 Mont. 92, 28 P.2d 862, and Kelly v. Lowney & Williams, Inc., 113 Mont. 385, 126 P.2d 486, may be taken as cases in which recovery was permitted for mental shock and suffering in the absence of impact. Both cases involved plaintiffs who feared for their own safety. There is substantial authority elsewhere in accord with the Montana rule announced in Cashin v. Northern Pacific R. Co. Even so, the law has not as yet been generally extended to allow damages caused by apprehension for another. (See 18 A.L.R. 2d 220, Prosser on Torts, 3rd Ed., page 352). The American Law Institute left the problem open in Section 313 of the original Restatement of the Law of Torts (1934), but in 1960 bowed to the weight of the case law. (Restatement of Torts (Second), § 313). In Dillon v. Legg, 68 Cal.2d 728, 69 Cal.Rptr. 72, 441 P.2d 912 (1968), the Supreme Court of California in a four to three decision found liability in a case where a mother suffered emotional trauma as a result of an injury to a daughter. This case standing alone is not sufficient to convince me that the Montana Supreme Court would depart from the law established by the great weight of American authority.[1]

The motion to dismiss Count II of the complaint is granted. The motion to dismiss Count I is denied. Defendant is granted twenty (20) days from this date within which to further plead.

---

1. See Tobin v. Grossman, 24 N.Y.2d 609, 301 N.Y.S.2d 554, 249 N.E.2d 419 (1969).