STERNHAGEN, Appellant, v. KOZEL et al, Respondents.

(167 N. W. 398.)

(File No. 4294. Opinion filed May 1, 1918.)

1. **Appeals—Error—Granting New Trial—Insufficiency of Evidence —Discretion, Abuse of—Rule**

    Where from the record it does not appear but that, in granting a new trial, trial court's ruling was based in part upon insufficiency of evidence, its order will be sustained; the record disclosing that, in granting new trial on that ground, there was no abuse of discretion.

2. **Damages—Suit for Tortious Injury—Shock From Fright, Accompanied by Physical Injury, Whether Ground of Recovery— Rule.**

    In a suit to recover damages for injury resulting from a tort, as a result of which plaintiff suffered severe fright, and

through such fright received a severe mental and physical shock, held, (without determining whether one could recover for fright alone, not accompanying physical injury either as its result or cause,) that when physical injury accompanies fright as its effect, injured party may recover for the fright, for the physical injury, and any mental injury accompanying such fright and physical injury, the same as where fright results from physical injury; and, under Civ. Code, Sec. 2312, the detriment suffered must be the proximate result of the wrong done.

Appeal from Circuit Court, Bon Homme County. Hon. Robert B. Tripp, Judge.

Action by Catherine Sternhagen, against Louis Kozel and Al Scott, to recover damages for injury resulting from a tort. From a judgment for plaintiff, and from an order granting a new trial, plaintiff appeals. Affirmed.

*Joseph Janousek*, for Appellant.

*Roscoe Satterlee*, for Respondents.

(2)   To point two of the opinion, Appellant cited: Watson v. Dilts, (Ia.) 89 N. W. 1068; Hickey v. Walsh, 91 Mo. App. 4; Baltimore & O. Ry. Co. v. Harris ,121 Md. 254; Priser v. Wieland, 62 N. Y. Supp. 890; Whitsel v. Watts, (Kan.) 150 Pac. 401; Mitchell v. Mitchell, (Minn.) 55 N. W. 1134; Carpenter v. Trinity, etc., 55 Tex. Civ. App. 627.

Respondents cited: Dunn v. Western Union Telegraph Co. 2 Ga. App., 845; 59 S. E. 189; Goddard v. Watters; 14 Ga. Appeals 722; 7 Negligence & Comp. Cases, page 1.

WHITING, P. J.   Action for damages claimed to have been suffered through an injury resulting from a tort alleged to have been committed by the defendants. Verdict and judgment for plaintiff; and from an order granting the defendants a new trial plaintiff appeals.

[1]   The motion for new trial was based upon various grounds, among them being insufficiency of the evidence to support the verdict. From the record it does not appear but that, in granting the motion, the trial court based his ruling in part at least upon insufficiency of the evidence. It follows that, under the rule well-established by this court, the trial court's order granting the new trial must be sustained; as it is very apparent from a reading of the record herein that, in granting a new trial

on that ground, there would be no abuse of the discretion vested in such trial court.

[2] It would be unnecessary to consider any other question presented if it were not that there is one which must necessarily arise upon a new trial. It is plaintiff's claim that, owing to such alleged tort, she suffered a severe fright and through such fright received a severe mental and physical shock. The question thus presented is whether or not one, who, through a tort committed against him, suffers a fright—which fright is not the result of an accompanying physical injury, but is itself the proximate cause of a physical injury—can recover damages for such fright and the resulting physical injury. Inasmuch as the evidence upon another trial may differ in some material respects from that upon the former trial, it would serve no useful purpose to state the facts in detail as they were testified to by plaintiff and her witnesses, and we will content ourselves with a declaration of what we deem to be the correct rule of law.

Without determining whether one could recover for fright alone, such fright not accompanying physical injury either as its result or cause, we are of the opinion that: When physical injury accompanies a fright as its effect, the injured party may recover for the fright, for the physical injury, and for any mental injury accompanying such fright and physical injury, exactly as one can recover where the fright is the result of a physical injury. Of course, under our statute (section 2312, C. C.) the detriment suffered must be the proximate result of the wrong done. 8 R. C. L. 527; Engle v. Simmons, 148 Ala. 92, 41 South, 1023, 7 L. R. A. (N. S.) 96, 121 Am. St. Rep. 59, 12 Ann. Cas. 740, and cases in notes on page 741 of 12 Ann. Cas.

We do not wish to be understood as determining whether in fact a tort was committed against plaintiff.

The order appealed from is affirmed.