FIRST NATIONAL BANK OF JACKSONVILLE, Respondent

v.

BRAGDON et ux., Appellants

(167 N.W.2d 381)

(File No. 10592. Opinion filed April 28, 1969)

**Bogue & Weeks,** Vermillion, for plaintiff and respondent.

**George Weisensee,** Sioux Falls, for defendants and appellants.

MUNDT, Circuit Judge.

Plaintiff, an Illinois corporation, brought this action to recover on a foreign judgment against the defendants who were at that time residents of Vermillion, South Dakota. The answer of the defendants denied liability. By an amended counterclaim, defendants sought damages claimed to have been suffered by them on account of a course of conduct whereby the plaintiff repeatedly, maliciously, oppressively and without justification, harassed and intimidated the defendants in an effort to force

payment of an alleged debt. The question presented is whether the trial court erred in dismissing the counterclaim on the ground it failed to state a claim upon which relief could be granted.

The defendants' amended counterclaim alleges:

I.

"That the Plaintiff is a corporation with its principal office in Jacksonville, Illinois, doing business as a national bank.

II.

"That the Plaintiff through its officers, employees, or agents, at all times acting within the scope and course of their agency or employment, through 1965 and 1966 entered into a course of conduct whereby Plaintiff repeatedly, maliciously, unlawfully, oppressively and without justification or good legal cause harassed and intimidated the defendants in an effort to force payment of an alleged debt by writing offensive letters to the Defendants; by making offensive telephone calls to the Defendants; by making various threats to the Defendants, including threatening to contact Defendant Earl D. Bragdon's employer and by, in fact, contacting said employer and by interfering with the employment of Earl D. Bragdon, who was and is the husband of Sarah Bragdon, and by interfering with Defendants' right and ability to contract for further employment all of which was embarrassing and humiliating to the Defendants and made them fearful over loss of employment; all of which caused Defendants loss of sleep, worry, humiliation, nervousness, mental and physical pain, suffering, anguish and distress, and· loss of income, and inconvenience, all to their damage in the amount of $50,000.00. That the wrongs complained of herein by the Defendants were perpetrated substantially within the State of South Dakota or were completed therein.

## III.

"That Defendants should be entitled to exemplary damages based upon oppression and malice for an additional amount of $50,000.00.

"WHEREFORE, Defendants demand Judgment upon their Counterclaim against the Plaintiff for actual and compensatory damages in the amount of $50,000.00 and for exemplary damages based upon malice and oppression in the additional amount of $50,000.00 and for Defendants costs and for disbursements herein."

In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties. SDC 1960 Supp. 33.0915; Burmeister v. Youngstrom, 81 S.D. 578, 139 N.W.2d 226. The rule seems to be well established that where the act is willful or malicious, as distinguished from being merely negligent, recovery may be had for mental pain, though no physical injury results. Threats to sue and to appeal to a defendant's employer must be made willfully and intentionally for the purpose of producing mental pain and anguish in an attempt to collect a debt. The important elements seem to be that the act is intentional, that it is unreasonable, and that the actor should recognize it as likely to result in illness. Barnett v. Collection Service Company et al., 214 Iowa 1303, 242 N.W. 25; LaSalle Extension University v. Fogarty, 126 Neb. 457, 253 N.W. 424, 91 A.L.R. 1491 and 15 A.L.R.2d 158; 38 Am.Jur.2d, Fright, Shock, Etc., § 44.

There is no allegation in defendants' counterclaim that the acts complained of were done **intentionally** or **willfully.** The counterclaim does allege that such acts were done **maliciously.** Is the word "maliciously" sufficiently broad to include an act done "willfully" and "intentionally"? We think it is. To do an act maliciously, means with a deliberate intention to injure. It is sufficiently synonymous with "willfully" so that where the word "willfully" is used in a statute, it will be sufficient if the

word "maliciously" is employed. See 54 C.J.S. Malice p. 912, and Words & Phrases, Permanent Edition, Vol. 26, p. 185 et seq. Malice may consist of a direct intention to injure another, or a reckless disregard of his rights and the consequences that may result to him. Remmick v. Mills et al., N.D., 165 N.W.2d 61.

 In our opinion, the counterclaim alleges a cause of action and should be heard on its merits. Whether defendants may be able to prove the allegations of their counterclaim is not before us.

Reversed.

BIEGELMEIER, P. J., and RENTTO, HANSON and HOMEYER, JJ., concur.

MUNDT, Circuit Judge, sitting for ROBERTS, J., disqualified.