428 So.2d 301 (1983)
CADILLAC MOTOR CAR DIVISION, GENERAL MOTORS CORPORATION, and Royal Globe Insurance Company, Appellants,
v.
Harvey L. BROWN, Individually, and Gayl Brown, His Wife, and Harvey Brown, As Personal Representative of the Estate of Florence Winkler Brown, Appellees.
No. 82-306.
District Court of Appeal of Florida, Third District.
March 8, 1983.
Rehearing Denied April 4, 1983.
*302 Wicker, Smith, Blomqvist, Tutan, O'Hara, McCoy & Graham and Richard A. Sherman, Miami, for appellants.
Virgin, Whittle & Garbis and Gary Garbis, Miami, for appellees.
Mershon, Sawyer, Johnston, Dunwody & Cole and Aubrey V. Kendall and Edward T. O'Donnell, Miami, as amicus curiae for the Product Liability Advisory Council of the Motor Vehicle Mfrs. Ass'n of the U.S., Inc.
Before HENDRY, BARKDULL and BASKIN, JJ.
PER CURIAM.
There was a tragic accident when the appellee, Harvey L. Brown, while driving a defective Cadillac automobile (through no fault of his own) struck and killed his mother. An action was commenced, ultimately resulting in a jury verdict for damages awarding Harvey $1,500,000.00 for mental distress, his wife Gayl $250,000.00 on a derivative claim and approximately $9,000.00 to the estate of his late mother.[1]
This appeal ensued. We reverse the final judgment awarded Harvey L. Brown on the verdict, because there was no impact upon which damages for mental distress could be awarded.[2]Butchikas v. Travelers Indemnity Company, 343 So.2d 816 (Fla. 1977); Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974); Herlong Aviation, Inc. v. Johnson, 291 So.2d 603 (Fla. 1974); Clark v. Choctawhatchee Electric Co-operative, Inc., 107 So.2d 609 (Fla. 1958); Crane v. Loftin, 70 So.2d 574 (Fla. 1954); Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950); Durahoo v. Bess, 146 Fla. 182, 200 So. 541 (Fla. 1941); International Ocean Telegraph Co. v. Saunders, 32 Fla. 434, 14 So. 148 (1893); Butler v. Lomelo, 355 So.2d 1208 (Fla. 4th DCA 1977); Carter v. Lake Wales Hospital Association, 213 So.2d 898 (Fla. 2nd DCA 1968).
The supreme court in the case of Clark v. Choctawhatchee Electric Co-operative, Inc., supra, referring to the decisions of Kirksey v. Jernigan, supra, and Crane v. Loftin, supra, clarified and stated the impact rule to be as follows: "* * * [W]hen there is no direct physical impact or trauma, recovery may not be had for damages resulting from fright and anguish in the absence of willful and wanton negligence or, as it was described in the former, malice, entire want of care, or great indifference to the rights of others as distinguished from `simple' negligence."
Even if we were to sustain liability in the instant case we would be compelled to reverse for a new trial on the issue of damages. Harvey, as the driver, suffered no compensatory loss and the award was purely speculative with no basis in the record. Florida Ventilated Awning Co., Inc. v. Dickson, 67 So.2d 215 (Fla. 1953); Edwin K. Williams & Co.-East, v. Hustad, 321 So.2d 600 (Fla. 4th DCA 1975). Harvey's judgment being reversed, the wife's judgment on her derivative claim likewise falls. Therefore the final judgments in favor of Harvey L. Brown and Gayl Brown be and they are hereby reversed with directions to dismiss these causes of actions.
Reversed and remanded with directions.
NOTES
[1] No appeal has been taken for the final judgment entered in favor of the estate.
[2] The "impact rule" is presently before the supreme court in Champion v. Gray, Case No. 62830 Fla.S.Ct. on review of a decision rendered by the 4th DCA in Champion v. Gray, 420 So.2d 348 (Fla. 5th DCA 1982). We do hereby certify that this cause presents a question of great public importance pertaining to rights of Florida litigants to secure damages for mental distress when they have not suffered any impact or physical injury from the alleged tortfeasor.