443 So.2d 107 (1983)
Barbara E. TRUESDELL, As Personal Representative of the Estate of Gladys Coleman, Deceased, Appellant,
v.
Joseph PROCTOR, M.D. and Jacksonville Geriatrics Center, Inc., d/b/a Turtle Creek Health Care Center, Appellees.
No. AR-180.
District Court of Appeal of Florida, First District.
December 29, 1983.
Rehearing Denied February 3, 1984.
V. James Facciolo of Searcy & Facciolo, Jacksonville, for appellant.
Reese Waters, Earl M. Barker, Jacksonville, Terrence M. White, Daytona Beach, for appellees.
JOANOS, Judge.
Barbara Truesdell, the daughter and personal representative of Gladys Coleman, deceased, sued Dr. Joseph Proctor and the Jacksonville Geriatrics Center d/b/a Turtle Creek Health Care Center ("Turtle Creek") alleging four counts. Three of the counts were as follows. Count I: Proctor and *108 Turtle Creek breached a duty to Coleman by discharging her from the nursing home after her medicaid status was changed making it less profitable to keep her, contrary to state and federal regulations which make it unlawful for a nursing home to discharge medicaid patients except for medical reasons or reasons related to the well-being of other patients, and as a result of moving her to another nursing home she became fearful and disoriented and fell and fractured her hip while attempting to escape an imaginary threat; Count III: Proctor and Turtle Creek conspired to discharge Coleman for false reasons, this constituted fraud and deceit and complete disregard of Coleman's rights and needs, and as a result she suffered mental anguish sufficient to cause physical pain and suffering, requiring expert medical care and attention; Count IV: Turtle Creek breached its contract and engaged in fraud and deceit in that the corporation, its agents, servants, employees knowingly and willfully misrepresented Coleman's medical condition in order to wrongfully terminate the contract and increase profits, and this was part of a scheme to remove less profitable patients who had been reclassified by HRS. The lower court dismissed these three counts of the second amended complaint. The court did not dismiss the second count, against Dr. Proctor only, alleging that in permitting Coleman to be discharged from the nursing home, Proctor was guilty of medical negligence and deviation from acceptable standards of care in that he knew or should have known Coleman was senile and continued to require the assistance of a trained nursing home staff and he knew or should have known she had mentally regressed to a childlike state, therefore moving her abruptly would entail severe psychological risks to her mental well-being.
In this appeal of the dismissal of counts I, III, and IV, appellant argues she properly stated a claim for negligence and that the absence of any physical impact is irrelevant in this case. As to Count III, she argues that under the particular circumstances of this case she did not have to allege reliance in her claim of fraud and deceit. Finally, she contends the provisions of Section 400.022, Florida Statutes, became part of the contract, and Turtle Creek breached this provision. Appellees contend, among other things, that the complaint itself shows that Turtle Creek was simply following Dr. Proctor's orders, that no physical impact was alleged, and that appellant failed to allege reliance in the claim based on fraud and deceit.
The test to be applied in determining whether the counts should have been dismissed "is whether the complaint, construed in the light most favorable to the plaintiff, is sufficient to constitute a valid claim," and the motion to dismiss should not be granted "unless the allegations in the pleading attacked show with certainty that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of the claim." MidFlorida Schools Federal Credit Union v. Fansler, 404 So.2d 1178 (Fla. 2d DCA 1981).
The dismissal of Count I was not erroneous, largely because of the failure to allege a direct physical impact inflicted by an external source, a necessary element in an action for negligent infliction of emotional distress, which is the essence of that count. See Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974); Cadillac Motor Car Division v. Brown, 428 So.2d 301 (Fla. 3d DCA 1983) and Champion v. Gray, 420 So.2d 348 (Fla. 5th DCA 1982), both pending before the Florida Supreme Court.
As to Count III, reliance must be alleged in order to state a cause of action for fraud and deceit, American International Land Corp. v. Hanna, 323 So.2d 567 (Fla. 1975). Fraud and conspiracy must be pleaded with such particularity as the circumstances permit, and the facts constituting the conspiracy must be pleaded, Ocala Loan Co. v. Smith, 155 So.2d 711 (Fla. 1st DCA 1963). Appellant's allegations of fraud and deceit and conspiracy do not measure up to these standards.
In Count IV appellant attempted to state a claim for breach of contract, however, as *109 the act complained of was phrased in terms of a knowing, willful misrepresentation of Coleman's medical condition, rather than being directed to any covenant undertaken as part of the contract, it was actually a reiteration of the claim for fraud and deceit, discussed above. "There is a clear distinction between a cause of action on contract and one based on fraud and deceit. In the former, recovery is based upon the express liability assumed by a person in his contract, and in the latter, upon the liability incurred for a violation of the duty of honesty and fair dealing which the law enjoins upon one in his transactions with another." 37 Am.Jur.2d "Fraud and Deceit" § 6. Appellant now asserts that the breach of contract stemmed from a failure to comply with Section 400.022, Florida Statutes, which was part of the contract by virtue of the rule that the laws of the state are part of every contract, however, the count for breach of contract did not rest on this basis and the possibility of breach by noncompliance with Section 400.022, which appellant now argues, was not specifically presented to the lower court. The incorporation by reference of Count I, in which Section 400.022 was mentioned briefly, but without regard to any alleged breach of contract, was insufficient to place the matter before the lower court for consideration.
Therefore, finding no error in the dismissal of these three counts of the second amended complaint, we AFFIRM.
LARRY G. SMITH and WENTWORTH, JJ., concur.