Paul CROTEAU, Plaintiff, Appellant,

v.

OLIN CORPORATION,
Defendant, Appellee.

No. 89–1199.

United States Court of Appeals,
First Circuit.

Heard July 1, 1989.
Decided Sept. 6, 1989.

B.J. Branch with whom Backus, Meyer & Solomon, Manchester, N.H., was on brief, for plaintiff, appellant.

Thomas M. Carney with whom Joel I. Dennis, Husch, Eppenberger, Donohue, Cornfeld & Jenkins, St. Louis, Mo., Howard B. Myers and Myers, Jordan & Gfroerer, Concord, N.H., were on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, TORRUELLA, Circuit Judge, and WOODLOCK,* District Judge.

LEVIN H. CAMPBELL, Chief Judge.

█ Plaintiff in this strict products liability action appeals from an order granting defendant's motion for summary judgment. The district court held that, under New Hampshire law, plaintiff could not recover for emotional distress caused by witnessing the injury to his first cousins which resulted from his accidental firing of an allegedly defective firearm. We affirm, essentially on the basis of the district court's opinion, 704 F.Supp. 318 (D.N.H.1989), and add the following observations.

█ In response to our prompting during oral argument, the parties debated whether the question of plaintiff's right to recover in these circumstances should be certified to the New Hampshire Supreme Court. After carefully considering the arguments and fully reviewing the record, we have decided that certification would be inappropriate for the following reasons. First, one who chooses to litigate his state action in the federal forum (as plaintiff did here) must ordinarily accept the federal court's reasonable interpretation of extant state law rather than seeking extensions via the certification process. *See Venezia v. Miller Brewing Co.,* 626 F.2d 188, 192 n. 5 (1st Cir.1980). On the question as framed below, the district court provided a well-reasoned interpretation of current New Hampshire law, an interpretation to which we owe some deference. *Dennis v. Rhode Island Hospital Trust National Bank,* 744 F.2d 893, 896 (1st Cir.1984). Second, the extent of any *entitlement* to certification is "considerably weakened" by the fact that plaintiff did not request certification below. *See Fischer v. Bar Harbor Banking and Trust Co.,* 857 F.2d 4, 8 (1st Cir.1988). Finally, plaintiff's argument regarding his special status as a "user" of the firearm, *see Gnirk v. Ford Motor Co.,* 572 F.Supp. 1201 (D.S.D.1983), was raised for the first time on appeal. The district court had no opportunity to consider it, and we therefore regard that argument as having been waived. *See Saco Defense System Div. v. Weinberger,* 806 F.2d 308, 309–10 (1st Cir.1986). We accordingly do not believe it would be appropriate to certify any question here to the New Hampshire Supreme Court.

*Affirmed.*

* Of the District of Massachusetts, sitting by designation.